NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted January 23, 2007[*]
Decided March 2, 2007

Before

**Hon.** FRANK H. EASTERBROOK, Chief Judge

**Hon.** RICHARD D. CUDAHY, Circuit Judge

**Hon.** ANN CLAIRE WILLIAMS, Circuit Judge

No. 05-4448

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee*,

    *v.*

DAVID HAMPTON TEDDER,
    *Defendant-Appellant*.

Appeal from the United States District Court for the Western District of Wisconsin.

No. 02-CR-105-C-01
Barbara B. Crabb, *Chief Judge*.

## Order

We affirmed Tedder's conviction but remanded for resentencing after concluding that conspiracy to commit money laundering should be treated the same as a substantive money-laundering conviction under the Sentencing Guidelines. *United States v. Tedder*, 403 F.3d 836 (7th Cir. 2005). Our decision had the effect of establishing the Guidelines range at 37 to 46 months' imprisonment. Under *United States v. Booker*, 543 U.S. 220 (2005), the range is advisory, so we remarked: "Whether this conclusion will benefit Tedder in the end is a question for the district judge. *Booker* provides district judges with additional discretion, so on remand the judge might reimpose the 60-month sentence if she thinks it the most appropriate

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

response to Tedder's crimes and risks of recidivism; appellate review after *Booker* is for reasonableness."

After concluding that Tedder's risk of recidivism is exceptionally high, the district judge resentenced him to 60 months' imprisonment. Tedder again appeals, and his lead argument is that the district judge did not warn him that he could be resentenced above the top of the Guidelines' range. That line of argument is incompatible with the law of this circuit. See *United States v. Walker*, 447 F.3d 999, 1006–07 (7th Cir. 2006) (notice is unnecessary because *Booker* jettisoned the concept of "upward departure" from the Guidelines). Tedder could not benefit even if we were prepared to change circuit law: he knew from the district court's original sentence and from our opinion that a sentence exceeding 46 months' imprisonment was a distinct possibility. That was all the notice required under any circuit's standard.

This sentence was reasonable, for the reasons the district judge gave. Tedder asks us to disagree with the district judge's conclusions, but that's functionally a request for a *de novo* decision on appeal. The question is not what sentence we would have imposed, but whether the district judge abused her discretion. The 60-month sentence is not beyond the wide latitude set by a "reasonableness" standard. No more need be said.

AFFIRMED